UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. ____ |
| | § | |
| $1,693,750.00 seized from Columbia | § | |
| Bank account ending in 7621, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, by and through its Acting United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, represents:

## NATURE OF ACTION

1. This is a civil forfeiture action in rem brought under: 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 2323, and 18 U.S.C. § 984. 18 U.S.C. § 981(a)(1)(C) provides for the civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)." A violation of 18 U.S.C. § 2320 (trafficking in counterfeit goods) and a violation of 18 U.S.C. § 1343 (wire fraud) constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D). In addition, 18 U.S.C. § 2323 provides for the forfeiture of "[a]ny property constituting or derived from any proceeds obtained directly or indirectly" as a result of a Section 2320 offense. Finally, with regard to the civil forfeiture of fungible property, Title 18, United States Code, Section 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the

offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391, and 1395. Acts and omissions giving rise to the forfeiture occurred in the City of Houston, Southern District of Texas.

## DEFENDANT PROPERTY

4. The defendant is $1,693,750.00 seized from Columbia Bank, 1011 Harlow Rd., Ste. 101, Springfield, Oregon, with account ending in 7621 ("Defendant Property").

5. The record owner of the Defendant Property is Med-Tech Resources LLC ("Med-Tech").

6. Defendant Property was seized pursuant to seizure warrant on or about February 10, 2021.

## FACTS

Upon information and belief, the United States of America alleges:

7. On or about October 30, 2020, the City of Houston sent a purchase order to Med-Tech for the proposed purchase of 1,000,000 3M brand N95 1860 Protective Masks for a unit cost of $2.65 each. This is a total purchase cost of $2,650,000.00 for 1,000,000 masks.

8. On or about November 10, 2020, the City of Houston sent a purchase order to Med-Tech for the proposed purchase of 250,000 3M brand N95 1860S Protective Masks for a unit cost of $2.95 each. This is a total purchase cost of $737,500.00 for 250,000 masks.

9. The total value for both orders was $3,387,500.00 for the combined 1,250,000 masks which averages out to $2.71 per mask. It should be noted that 3M stated that these specific masks are sold for a maximum of $1.27 each.

10. On or about January 8, 2021, Med-Tech entered into a vendor direct payment agreement with the City of Houston on by providing their banking information in order to receive funds via direct deposit transfers. This vendor direct payment, submitted by Med-Tech, contained all the banking and routing information associated to Med-Tech and was signed by Med-Tech's controller, and included a voided check listing Med-Tech's information which contained all the banking and routing information associated to Med-Tech's bank account 7621.

11. In total. the City of Houston sent the following three payments, totaling $2,468,586.00, to Med-Tech for the purchase of 3M brand N95 protective masks: on or about January 8, 2021, a check for funds of $368,750.00 was sent to Account 7621. On or about January 12, 2021, a wire transfer of funds of $1,325,000.00 were sent to Account 7621. On or about February 2, 2021, a wire transfer of funds of $774,836.00 were sent to Account 7621.

12. On or about the month of January 2021, the City of Houston received a shipment of counterfeit 3M Branded N95 Protective Masks from Med-Tech.

13. Due to the large number of 3M N95 mask seizures by Customs and Border Protection (CBP), the City of Houston attempted to authenticate the lot numbers on their purchase via 3M's online tools. The specific masks purchased were not available to check via online resources on 3M's website. On or about January 19, 2021, the City of Houston contacted 3M directly in order to authenticate the masks just received from the purchase from Med-Tech. On January 20, 2021, 3M representatives informed the City of Houston that the products from Med-Tech are counterfeit and that 3M advised the City does not purchase from Med-Tech.

14. On February 3, 2021, HPD Sergeant Stewart sent photos of the City's purchase to a 3M representative for authentication based off 3M's requests. One of the photographs displayed a holographic seal with the words "Peru" on it. On the same day, the 3M representative contacted

3

Agent Madsen and HPD Sgt. Stewart, confirming the counterfeit lot number for the purchase by the City as indeed being counterfeit. In addition, HSI SA Madsen and Sgt. Stewart were informed by the 3M representative that 3M does not utilize that holographic seal and that numerous other shipments utilizing that seal has all been confirmed counterfeit.

15. Pursuant to 18 U.S.C. § 984, because a total of $2,468,586.00 was sent to Account 7621 within the last twelve months, up to $2,468,586.00 in funds on deposit in Account 7621 are subject to seizure and forfeiture. A seizure warrant to that effect was issued on February 9, 2021. On or about February 10, 2021, Defendant Property was seized.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Property in favor of the United States of America and for such costs and

other relief to which the United States of America may be entitled.

                              Respectfully submitted,

                              JENNIFER B. LOWERY
                              ACTING UNITED STATES ATTORNEY

By: *s/ Yifei Zheng*
       YIFEI ZHENG
       Assistant United States Attorney
       Southern District of Texas No: 3328108
       New York State Bar No: 5424957
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, Texas 78401
       Tel. (361) 888-3111
       Fax (361) 888-3200

## VERIFICATION

I, Christiansen Madsen, a Special Agent with Homeland Security Investigations, Department of Homeland Security, hereby affirm and verify that the facts set forth in paragraphs stated in paragraphs 7 through 15 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, and upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

_____
Christiansen Madsen
Special Agent, Homeland Security

Sworn and subscribed before me, the undersigned authority, on this 10TH day of May, 2021.

YVONNE PALADIN-USMAN
My Notary ID # 125187055
Expires February 2, 2025

_____
Notary Public in and for the State of Texas

My commission expires: 2/2/2025

6